**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MARKUS P. SHOPLAK,

      Plaintiff,                                   CASE NO.

v.                                           <u>JURY TRIAL DEMANDED</u>

ABILITY RECOVERY SERVICES, LLC,

      Defendant.

_____/

## <u>COMPLAINT</u>

NOW comes MARKUS P. SHOPLAK ("Plaintiff"), by and through the undersigned, complaining as to the conduct of ABILITY RECOVERY SERVICES, LLC ("ARS" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*. and Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 15

U.S.C. § 1692, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a natural person over 18 years-of-age residing in Perry, Florida, which lies within the Northern District of Florida.

5. Defendant is a third-party debt collector whose principal purpose as a business is the collection of debts and who regularly collects debts originally owed to others. In connection with this business, Defendant regularly and routinely reports consumer information to the major credit bureaus, including but not limited to Experian and Equifax. Defendant is a limited liability company organized under the laws of the state of Pennsylvania with its principal place of business located at 284 Main Street, Dupont, Pennsylvania 18704.

**FACTS SUPPORTING CAUSE OF ACTION**

6. Several months ago, Plaintiff noticed an alleged medical debt ("subject debt") being reported on his Experian and Equifax credit reports by Defendant as being in default and in collections with a past due balance.

7. The subject debt stemmed from purported defaulted payments owed to Houston Hospitalist Group LLC ("HHG").

8. Plaintiff did not recognize the subject debt and had never heard anything from Defendant regarding the debt, whether in writing or through phone calls.

9. On or about October 6, 2025, Plaintiff sent Defendant a letter via certified mail requesting verification of the debt and that any and all collection efforts cease until such validation was provided.

10. Defendant failed to provide any response to Plaintiff's letter – instead, it persisted in reporting the subject debt on Plaintiff's credit report.

11. Plaintiff further spoke with HHG, who confirmed Plaintiff owed no balance in connection with any services received.

12. Accordingly, and upon information and belief, the subject debt does not belong to Plaintiff and was being inaccurately reported on Plaintiff's credit reports by Defendant.

13. As a result, Plaintiff initiated credit disputes with Experian in Equifax, doing so on multiple occasions, including most recently in March of 2026, disputing the debt as belonging to him further providing sufficient information to confirm the veracity of Plaintiff's claims.

3

14. Upon information and belief, Defendant received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Experian and Equifax. *See* 15 U.S. Code § 1681i(a)(2).

15. In response to Plaintiff's disputes, both Equifax and Experian confirmed the accuracy of the reporting.

16. Upon information and belief, Defendant failed to reasonably investigate Plaintiff's dispute or otherwise consider the information it was provided, instead simply persisting in its inaccurate reporting of the subject debt.

17. Any reasonable investigation on the part of Defendant would have revealed that the subject debt was being inaccurately reported.

18. Coupled with Defendant's failure to validate the debt and absence of any communications with Plaintiff prior to parking the debt on his credit reports, Defendant knew and should have known that the debt was inaccurately reporting, yet it persisted in reporting the same.

19. As such, rather than conduct a reasonable investigation into Plaintiff's dispute and engage in their statutorily required investigative steps, Defendant simply continued to report and confirm the accuracy of the inaccurate trade line.

20. As such, despite having actual knowledge that the subject debt was being reported inaccurately after receiving Plaintiff's disputes, Defendant continued to

4

report the subject debt with the negative information that should have been removed from Plaintiff's credit report.

21. The reporting of the trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

22. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and thus a high-risk consumer.

23. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

24. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

25. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in his credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff restates and reallages paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

28. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

29. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

30. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

31. Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, Experian, and Plaintiff.

32. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, Experian, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

33. Had Defendant reviewed the information provided by Experian, Equifax and/or Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to Equifax and Experian. Instead,

Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation, doing so on multiple occasions.

34. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax and Experian.

35. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

36. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax and Experian credit files.

37. Defendant failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax and Experian credit files within 30 days of receiving notice of the disputes from Equifax and Experian under 15 U.S.C. §1681i(a)(1).

38. Despite the blatantly obvious errors in Plaintiff's Equifax and Experian credit files, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or trade line to report accurately. Instead, Defendant wrongfully furnished and re-

reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

39. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax and Experian credit files.

40. Had Defendant taken steps to investigate Plaintiff's valid disputes or Equifax's and/or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

41. By deviating from the standards established by the debt collection industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and Experian.

WHEREFORE, Plaintiff, MARKUS P. SHOPLAK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Defendant to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

44. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts and further as it is a business whose principal purpose is the collection of debts.

45. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of 15 U.S.C § 1692e

46. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. In addition, this section enumerates specific violations, such as:

> "Communicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

48. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) through its continued reporting of the subject debt despite the multiple disputes and information provided by Plaintiff. Upon information and belief, Defendant was made aware that the subject debt should not continue to be reported by the subject debt, or at the very least should have known that the subject debt was being reported inaccurately, yet Defendant continued with its reporting of the subject debt on Plaintiff's credit reports, in direct violation of the FDCPA.

### b.  Violations of 12 C.F.R. § 1006.30(a)

49. As provided in Regulation F in 12 C.F.R. § 1006.30(a), "a debt collector must not furnish to a consumer reporting agency . . . information about a debt before the debt collector" either speaks to the consumer in person or by phone, or places a letter in the mail reasonably designed to reach the consumer.

50. Defendant violated 12 C.F.R. § 1006.30(a) by furnishing information regarding the subject debt to the consumer reporting agencies without first either speaking with Plaintiff via phone or otherwise placing a letter in the mail that was

reasonably designed to reach Plaintiff. Plaintiff's address has maintained consistent for years and if the subject debt was truly associated with Plaintiff then his contact information and address would have readily available to Defendant. The absence

WHEREFORE, Plaintiff, MARKUS P. SHOPLAK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 30, 2026                    Respectfully Submitted,

                                        */s/Maxwell W. Brooks*
                                        Maxwell W. Brooks, Esq.
                                        Counsel for Plaintiff
                                        Sulaiman Law Group, LTD
                                        2500 S. Highland Avenue, Suite 200
                                        Lombard, Illinois 60148
                                        Telephone: (630) 575-8181 Ext. 180
                                        Fax: (630) 575-8188
                                        mbrooks@atlaslawcenter.com